**James DUNN**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary.**

**Misc. No. 1108.**

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

May 14, 1970.

James Dunn, in pro. per.

Jack P. F. Gremillion, Atty. Gen., of Louisiana, Baton Rouge, La., for respondent.

WEST, Chief Judge:

Petitioner, James Dunn, is presently incarcerated in Louisiana State Penitentiary, serving a life sentence for some crime, which he does not mention in his application for a writ of habeas corpus, but to which he pleaded guilty, without capital punishment, in the Twentieth Judicial District Court at St. Francisville, Louisiana. He was represented at all stages of his proceedings by two extremely competent counsel, well versed in the practice of criminal law, Leon Picou, Esquire, and Fred Jackson, Esquire, both of St. Francisville, Louisiana. The only ground upon which petitioner now seeks a writ of habeas corpus is that "Petitioner was coerced to plead guilty and thereby forego his right to trial by jury in order to avoid the risk of the death penalty in violation of due process of law."

There is no claim in this petition to indicate that the State in any way threatened physical harm or exerted any mental coercion overbearing the will of the defendant in order to get a guilty plea. The exhibits filed with petitioner's application for habeas corpus state that he was advised by his counsel to enter a plea of guilty, without capital punishment, if he had the opportunity to do so, because they did not have a defense for him and they feared the maximum penalty should he be tried and found guilty by a jury. The recent case of Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, decided by the United States Supreme Court on May 4, 1970, is dispositive of this case. In that case the Supreme Court said:

"It may be that Brady, faced with a strong case against him and recognizing that his chances for acquittal were slight, preferred to plead guilty and thus limit the penalty to life imprisonment rather than to elect a jury trial which could result in a death penalty. But even if we assume that Brady would not have pleaded guilty except for the death penalty provision of § 1201(a), this assumption merely identifies the penalty provision as a 'but for' cause of his plea. That the statute caused the plea in this sense does not necessarily prove that the plea was coerced and invalid as an involuntary act. * * *

"Of course, the agents of the State may not produce a plea by actual or threatened physical harm or by mental coercion overbearing the will of the defendant. But nothing of the sort is claimed in this case; nor is there evidence that Brady was so gripped by fear of the death penalty or hope of leniency that he did not or could not, with the help of counsel, rationally weigh the advantages of going to trial against the advantages of pleading guilty. * * *

"We decline to hold, however, that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged."

Since petitioner in this case alleges nothing other than that he, upon advice of counsel, pleaded guilty without capital punishment in order to avoid a possible death sentence, he does not present any pleadings which would warrant this Court granting a hearing on this habeas corpus petition. For these reasons, an order will be entered herein denying petitioner's application for a writ of habeas corpus.